## TEFFT, WELLER & CO. *v.* MUNSURI.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR PORTO RICO.

No. 22.    Argued October 30, 31, 1911.—Decided December 4, 1911.

There is no appeal to this court from an order disallowing a claim made by the District Court of the United States for Porto Rico sitting as the bankruptcy court.

The express provisions in § 25 of the Bankruptcy Act for the exercise of appellate jurisdiction by implication exclude the right to exercise jurisdiction over a subject not delegated by that or some other statute.

An order of the bankruptcy court disallowing a claim is a step in the proceeding, and not a controversy arising in the proceeding within the meaning of § 24a. *Coder* v. *Arts,* 213 U. S. 234; *Hewit* v. *Berlin Machine Works,* 194 U. S. 296.

The fact that no method of review is prescribed by the statute in certain cases does not justify this court in disregarding the statute and assuming jurisdiction where none exists.

That this court has assumed jurisdiction in a case in which its jurisdiction passed unchallenged is not controlling in a subsequent case when the jurisdiction is challenged. *Armstrong* v. *Fernandez,* 208 U. S. 324, qualified and limited.

The provisions for review of judgment of the District Court of the United States for Porto Rico in § 35 of the Act of April 12, 1900, 31 Stat. 85, c. 191, do not affect the exclusive modes of review specifically provided for in the Bankruptcy Act.

THE facts, which involve the jurisdiction of this court of appeals under the Bankruptcy Act, are stated in the opinion.

*Mr. William G. Johnson*, with whom *Mr. Wm. H. Hawkins* was on the brief, for appellants.

*Mr. George H. Lamar*, with whom *Mr. Willis Sweet* was on the brief, for appellees.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

We are of opinion that a motion made to dismiss this case must prevail, and we therefore state only the facts which are essential to the consideration of that subject.

In 1907, the commercial firm of "Successores de José Hernaiz" was adjudicated an involuntary bankrupt. Tefft, Weller & Co. and those who are here conjointly appellants with that firm presented their claims against the firm, and they were allowed by the referee. In October, 1907, as the result of proceedings, whose initiation it is unnecessary to consider, the court held that one Julián Munsuri was not a limited but a general partner of the bankrupt firm and hence was generally liable for its debts. Munsuri subsequently moved the referee to vacate the allowance previously made of the claims which had been presented by the appellees and to disallow said claims. This motion was based on alleged settlements of the claims which it was asserted had been made with Munsuri in 1903. The referee denied the motion because he concluded that the asserted settlements, although they had been in form made, had been procured by the fraud of Munsuri and therefore were not binding. Munsuri, by petition for review, sought to reverse the action of the referee. The court, on February 9, 1909, passing on the

petition for review, reversed the action of the referee. It was held that the settlements relied upon by Munsuri were binding. An order was made directing that the previous allowance of the claims be vacated, and that the claims be disallowed. Thereupon the court filed its "findings of fact and conclusions of law," which were recited to have been made "in pursuance of general order in bankruptcy No. 36, p. 3." The attorney for the creditors then petitioned for the allowance of an appeal to this court from the judgment and order "whereby the referee's report denying the motion to disallow the claims of said creditors is reversed and set aside and the said claims are disallowed."

At the time the appeal was allowed (the one which is now under consideration) assignments of error were filed assailing the action of the court in disallowing the claims, and the merit of these assignments has been elaborately insisted on in the argument at bar. As appellate jurisdiction over courts of bankruptcy is expressly provided for in the bankrupt law, including the cases or classes of cases in which this court has authority to review the action of courts of bankruptcy, we must turn, at least primarily, to that act in order to test the correctness of the motion to dismiss for want of jurisdiction which has been made. Now the subject of the power to review the orders of bankruptcy courts disallowing claims in bankruptcy proceedings is in express terms provided for by the bankrupt act in § 25a as follows:

"APPEALS AND WRITS OF ERROR.

"a. That appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the circuit court of appeals of the United States, and to the supreme court of the Territories, in the following cases, to wit . . . (3) From a judgment allowing or rejecting a debt or claim of five hundred dollars or over.

Such appeal shall be taken within ten days after the judgment appealed from has been rendered, and may be heard and determined by the appellate court in term or vacation, as the case may be."

This express provision for the exercise of appellate jurisdiction by the courts therein named over the case here presented by necessary implication must be held to exclude the right of this court to exercise appellate jurisdiction over a subject not delegated unless some other provision of the statute compels to a contrary view. But instead of tending to so do, the context of the statute adds cogency to and makes irresistible the implication arising from the provision of § 25 (*a*) above quoted. This result flows from the careful provision otherwise made by the statute for the exercise of appellate jurisdiction by this court over proceedings in courts of bankruptcy or the orders, judgment and decrees rendered by such courts, none of which embrace the character of case here presented. Indeed, when the context of the statute is considered and the distribution of appellate jurisdiction for which it provides is taken into view, it becomes certain that to extend by remote implication, based upon conceptions of inconvenience, the reviewing power of this court to a subject like the one now in question would destroy the symmetry of the law and would render necessary limitations on the power of this court to review as to important subjects concerning which the power would otherwise obtain.

See § 25 (*b*), paragraphs 1 and 2, defining the appellate power of this court in certain cases and see also the right to certify questions to this court and the authority conferred on this court to allow writs of certiorari conferred in § 25 (*d*), as well as authority conferred by § 24 (*a*), to which we shall hereafter advert. We might well leave the sufficiency of the motion to dismiss to rest upon these conclusive considerations, but we nevertheless briefly refer to the contentions pressed in argument to the contrary.

1. The main reliance is upon § 24 (a) which, it is virtually insisted, controls the other provisions of the statute, and therefore confers jurisdiction in this case. The text of § 24 (a) is this:

"*Jurisdiction of Appellate Courts.*—(a). The Supreme Court of the United States, the circuit courts of appeals of the United States, and the supreme courts of the Territories, in vacation in chambers and during their respective terms, as now or as they may be hereafter held, are hereby invested with appellate jurisdiction of controversies arising in bankruptcy proceedings from the courts of bankruptcy from which they have appellate jurisdiction in other cases. The Supreme Court of the United States shall exercise a like jurisdiction from courts of bankruptcy not within any organized circuit of the United States, and from the supreme court of the District of Columbia."

But the entire argument rests upon a misconception of the words "controversies in bankruptcy proceedings," as used in the section, since it disregards the authoritative construction affixed to those words. *Coder* v. *Arts*, 213 U. S. 223, 234; *Hewit* v. *Berlin Machine Works*, 194 U. S. 296, 300. Those cases expressly decide that controversies in bankruptcy proceedings as used in the section do not include mere steps in proceedings in bankruptcy, but embrace controversies which are not of that inherent character, even although they may arise in the course of proceedings in bankruptcy. The cases referred to moreover, by necessary implication, determine that the mere allowing or disallowing a claim in bankruptcy is a proceeding in bankruptcy and not a controversy arising in bankruptcy within the intendment of the section. Nor is there force in the contention that because the District Court of Porto Rico is a court of bankruptcy "not within any organized circuit of the United States," therefore authority to review its action in a case like this is conferred on this court by the concluding sentence of § 24 (a). This is true, because

the proposition really rests upon the misconstruction of the section already pointed out. That is to say, as the sentence relied upon only confers upon this court "a like jurisdiction" to review the acts of the particular courts of bankruptcy which the sentence designates to that conferred by the immediately preceding provisions of § 24 (*a*), that is, to review controversies in bankruptcy, it follows that the sentence confers no power to review a mere step in bankruptcy taken by a bankrupt court, even although such court be one of those referred to in the last sentence relied upon.

The fact that the result of the previous settled construction of the statute causes it to come to pass that orders in mere proceedings in bankruptcy rendered by the court below when acting as a court in bankruptcy may not be susceptible of being reviewed in any court unless in some case where such review is specially provided for in the bankrupt act, affords no ground for disregarding the plain text of the statute by assuming jurisdiction where none exists.

It is true, as suggested in argument, that in *Armstrong* v. *Fernandez*, 208 U. S. 324, jurisdiction was exerted to review the action of the court below in a case which was not susceptible of being reviewed under the construction of the statute which we have here applied. But in that case there was no appearance of counsel for the appellee, and while a general suggestion was made in the argument of appellant as to the duty of the court not to exceed its jurisdiction, no argument concerning the want of jurisdiction was made. The case therefore in substance proceeded upon a tacit assumption of the existence of jurisdiction, an assumption which would not be now possible in consequence of the authoritative construction given to § 24 (*a*) in *Coder* v. *Arts, supra*. Under these circumstances, the mere implication as to the meaning of the statute resulting from the jurisdiction which was in that case merely assumed to exist, is not controlling and the *Armstrong Case,*

therefore, in so far as it conflicts with the construction which we here give the statute, must be deemed to be qualified and limited.

But it is urged that as the proceeding below was a controversy between the creditors and Munsuri as to whether he was liable as a general partner, the matter before us is susceptible of being treated as a controversy arising in bankruptcy and as distinct from a step in bankruptcy proceedings. But under the circumstances here disclosed, the contention is wanting in candor. We say this because the appeal was specifically taken from the order as one disallowing the claim of the appellants of an alleged indebtedness to them from the bankrupt firm, and such was the character necessarily attributed to the order by the judge when he entered it and which was affixed to it by the assignments of error filed at the time the appeal was taken. Moreover, we think the contention is necessarily negatived, as we have said, by the ruling in *Coder v. Arts*. Finally, it is contended that the right to review, wholly irrespective of the provisions of the bankrupt act, the order here in question arises under § 35 of the Foraker Act, 31 Stat., p. 85, enacted nearly two years after the passage of the bankrupt law, viz.:

"Writs of error and appeals from the final decisions of the supreme court of Porto Rico and district court of the United States shall be allowed and may be taken to the Supreme Court of the United States in the same manner and under the same regulations and in the same cases as from the supreme courts of the Territories of the United States; and such writs of error and appeal shall be allowed in all cases where the Constitution of the United States, or a treaty thereof, or an Act of Congress is brought in question and the right claimed thereunder is denied."

Waiving consideration of the question as to whether the present appeal was allowed "in the same manner and under the same regulations and in the same cases as from the

supreme courts of the Territories of the United States,"
we think it evidence that as to questions of the character
of those presented by this appeal arising in steps in bank-
ruptcy proceedings proper, the modes of review specific-
ally provided for in the bankruptcy act are exclusive.

*Dismissed for want of jurisdiction.*