# SULLIVAN *v.* GOLDMAN.

STATUTES; APPEAL AND ERROR; BANKRUPTCY.

1. A general statute without negative words will not repeal the particular provisions of a former statute, unless the two are irreconcilably inconsistent. (Following *United States* v. *Sampson,* 19 App. D. C. 419.)

2. An appeal does not lie to this court from an order of the supreme court of the District of Columbia, sitting as a bankruptcy court, as sec. 226 D. C. Code [31 Stat. at L. 1225, chap. 854] (which repeats the provisions of sec. 7 of the act of Congress of February 9, 1893, 27 Stat. at L. 435, chap. 74, creating this court), giving the right of appeal to this court from any final order, judgment, or decree of that court, did not have the effect of repealing secs. 24 and 25 of the Bankruptcy act of Congress of July 1, 1898 (30 Stat. at L. 553, chap. 541, U. S. Comp. Stat. 1901, pp. 3431, 3432), giving the Supreme Court of the United States appellate jurisdiction over bankruptcy courts, including the supreme court of the District of Columbia; nor has this court jurisdiction to review such an order on the application of the party claiming to be aggrieved thereby; and such an appeal will be dismissed on motion, and such an application will be denied. (Citing *United States* v. *Sampson,* supra.)

No. 2375.   Submitted January 15, 1912.   Decided February 19, 1912.

HEARING on a motion by the appellee to dismiss an appeal from a decree of the Supreme Court of the District of Columbia, sitting as a bankruptcy court.        *Appeal dismissed.*

The facts are stated in the opinion.

*Mr. Henry E. Davis* and *Mr. Alexander Wolf* for the motion.

*Mr. Lucas P. Loving* and *Mr. Joseph P. Sullivan* opposed.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Appellee Aaron Goldman, moves to dismiss this appeal, taken

from a decree of the supreme court of the District in a bankruptcy proceeding, denying an application to commit the bankrupt for contempt of an order of the referee finding that he had concealed assets to the amount of $4,309.91, and directing him to deliver the same to the trustee, for want of jurisdiction.

Section 24 of the bankrutcy act of July 1, 1898, [30 Stat. at L. 553, chap. 541, U. S. Comp. Stat. 1901, p. 3431], provides that the Supreme Court of the United States, the circuit courts of appeals, and the supreme courts of the territories, "are hereby invested with appellate jurisdiction of controversies arising in bankruptcy proceedings from the courts of bankruptcy from which they have appellate jurisdiction in other cases. The Supreme Court of the United States shall exercise a like jurisdiction from courts of bankruptcy not within any organized circuit of the United States, and from the supreme court of the District of Columbia." Section 24b confers upon the several circuit courts of appeal jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy within their jurisdiction.

Section 25 makes further provisions for appeals from the courts of bankruptcy to the circuit court of appeals, and the supreme court of territories in certain classes of cases named in 25a. 25b provides for an appeal to the Supreme Court of the United States from any final decision of a court of appeals, under rules and regulations to be prescribed by the Supreme Court of the United States, in certain specified cases. 25d provides that controversies may be certified to the Supreme Court of the United States, and that the said court may issue writs of certiorari pursuant to the provisions of the laws then in force, or hereafter to be enacted. No appellate jurisdiction was conferred by these sections upon the court of appeals of the District of Columbia; and this is the first appeal that has ever been taken to that court since the law went into effect. This want of jurisdiction in the court of appeals was recognized by the Supreme Court of the United States in prescribing the rules authorized by the bankruptcy act. See Rule 36.

The appellant, Joseph D. Sullivan, contends that the appeal lies under section 226 of the Code of the District of Columbia, which gives a right of appeal from any final order, judgment, or decree of the supreme court of the District, or of any justice thereof. The argument is that this provision of the Code, taking effect January 1, 1902, being a later enactment, repeals by implication the provisions of sections 24 and 25 of the bankruptcy act to that extent. Section 226 of the Code [31 Stat. at L. 1225, chap. 854] is not a new provision. It carries into the Code the same provision regulating the appellate jurisdiction of the court of appeals contained in section 7 of the act creating that court, approved February 9, 1893. The same contention was made on a motion to dismiss an appeal taken by the United States from a decree in a Prize case rendered by the supreme court of the District, sitting as a district court of the United States in admiralty; and it was held in an elaborate opinion by Chief Justice Alvey, that there was no such repugnancy between the special provision of the former act, and the general provision of the later one, as to warrant the conclusion that the latter effected a repeal of the former. He said: "It is but a reasonable presumption that the legislature did not intend to keep really conflicting enactments in the statute book, or to affect so important a measure as the repeal of a law without expressing an intention so to do. * * * It has been decided in many cases, and the principle is laid down as unquestionable in text-books of high authority, that a general statute without negative words will not repeal the particular provisions of a former statute, unless the two acts are irreconcilably inconsistent." *United States* v. *Sampson,* 9 App. D. C. 419–435. Jurisdiction of an appeal from the same decree was afterwards entertained by the Supreme Court of the United States, under the former act, without question. *The Infanta Maria Teresa (United States* v. *Taylor)* 188 U. S. 283, 47 L. ed. 477, 33 Sup. Ct. Rep. 412.

Another reason for denying the repeal by implication is this: The bankruptcy act is a general law of the United States operating throughout the States and organized territor-

ies of the Union, while the Code is an act of special legislation limited. in its operation to the District of Columbia. More-over, section 226 of the Code is not a new act of legislation because it is an incorporation into the body of the Code of the section of the act originally enacted more than five years before the passage of the bankruptcy act.

That Congress did not regard the provisions of the bank-ruptcy act as affected by the section of the Code, is shown in section 252 of the new Judiciary Code, approved March 3, 1911 [36 Stat. at L. 1159, chap. 231], which reads as. follows: "The Supreme Court of the United States is hereby invested with appellate jurisdiction of controversies arising in bankruptcy proceedings, from the courts of bankruptcy, from which it has appellate jurisdiction in other cases; and shall exercise a like jurisdiction from courts of bankruptcy not within any organized circuit of the United States and from the supreme court of the District of Columbia." This is a substantial re-enactment of section 24 of the bankruptcy act.

Our attention has been called to several decisions of the Supreme Court of the United States interpreting the several provisions of sections 24, 25, 25a, and 25b, in their bearing upon the appellate jurisdiction of that court. *Tefft, W. & Co.* v. *Munsuri,* Dec. 4, 1912, Advance Sheets U. S. S. C. Reporter January 15, 1912 [222 U. S. 114, 56 L. ed. —, 32 Sup. Ct. Rep. 67]. See cases therein cited. We perceive nothing in these cases affecting the question before us.

Convinced that this court has no appellate jurisdiction over the supreme court of the District sitting as a court of bank-ruptcy, we are .constrained to dismiss the appeal, without costs.                                   *Dismissed.*

On February 1st, 1912, the appellant filed a petition, re-citing that the referee in bankruptcy had certified to the su-preme court of the District of Columbia facts showing the bankrupt was in contempt of court for failure to obey a pre-vious order of the referee requiring him to pay over to the trus-.tee a sum of money as concealed assets; and that that court had

made an order discharging a rule to show cause why the bankrupt should not be so adjudged in contempt. The petition prayed that this court would review such order and hold the bankrupt in contempt in accordance with the certificate of the referee.

On March 12, 1912, this court denied the petition, Mr. Chief Justice SHEPARD delivering the opinion:

For reasons stated in the opinion on the motion to dismiss in this case for want of jurisdiction, this petition is denied.