# IN RE SOLA' É HIJO, S. EN C., Bankrupt.

San Juan, Bankruptcy, No. 61.

ON PETITION FOR APPEAL.

Bankruptcy—Appeal.
> Where the proceedings raise an important jurisdictional point, this court will not be particular as to the form of review, but will certify the question or record up as applied for, and leave the appellate court to pass upon the form as well as the substance of the review.

Opinion filed January 27, 1915.

*Mr. Coll y Cuchi* for petitioner.

*Messrs. Savage & Francis* for trustee.

HAMILTON, Judge, delivered the following opinion:

On December 29, 1914, this court made an order and decree confirming the referee's report holding that the claim of Gandia & Stubbe was not a preferred claim under the bankruptcy law. Now, on January 25, 1915, come Gandia & Stubbe and "appeal from this order and decree to the Supreme Court of the United States for reasons specified in the assignment of errors, and pray that the appeal be allowed and that the transcript of the record, papers, and proceedings pertaining to the jurisdiction of this court be certified to the Supreme Court of the United

In Re Solá é Hijo.

States." The object of this proceeding is to obtain a review by the Supreme Court of the above decree in this court construing the bankruptcy law in connection with §§ 1825 and 1826 of the Civil Code of Porto Rico.

This court will not now consider whether the proper remedy is writ of error or appeal, or whether either lies from an order disallowing a priority to a claim made in this court under Tefft, W. & Co. v. Munsuri, 222 U. S. 114, 56 L. ed. 118, 32 Sup. Ct. Rep. 67. These questions of procedure, if they arise, can be better determined above. The main question involved being an important one, and the amount over the usual appellate limit in this court, it is deemed best to grant the petition, so that, if practicable, the Supreme Court may construe §§ 1825 and 1826 of the Civil Code of Porto Rico in connection with the bankruptcy law. Our opinion in Cerecedo v. Calderón, May 20, 1914 [ante, 85], in bankruptcy, is cited against this. In that case, however, the main question was one of procedure, which seemed clearly against the writ of error, and was so held by a justice of the supreme court on application. If taken up, the case would have been concerned principally with matters of fact as to which the court was satisfied. Here, the main matter to be reviewed is an important question of local law, as to which the court would be glad to see a review by a higher tribunal, so that the question may be set at rest by the Supreme Court, either by its decision on the merits or its determination that the decision of this court is final.

The clerk will certify the proper papers, including the opinion of this court, as prayed.