KEITH v. KILMER.  KILMER v. KEITH.  In re NATIONAL PIANO CO.

(Circuit Court of Appeals, First Circuit. April 26, 1921.)

Nos. 1486, 1487.

1. **Appeal and error** ⊙⊷1099(3)—**Question decided on former appeal cannot be raised again.**

Where it had been decided on a former appeal that a stockholder was not entitled to enforce a claim as against the creditors of the corporation for breach of the corporation's contract to purchase stock for his benefit, a contention by claimant on a subsequent appeal from an order allowing his claim, with a reservation to ordinary creditors of priority for their claims, that the only permissible decree was an allowance of the claim, merely amounted to seeking a reversal of the former decision, and cannot be sustained.

⊙⊷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. **Bankruptcy** ⟨⟩443—**Unnecessary to appeal from decree not shown to affect appellant adversely.**

Where a decree allowed a claim in bankruptcy, but reserved to the general creditors of the bankrupt priority over the allowed claim, which reservation was not properly a part of the decree of allowance, but was a determination of a question which would arise on distribution, and there was no showing that the assets of the bankrupt would be sufficient to pay the general creditors in full, an appeal by the trustee in bankruptcy from the decree of allowance was unnecessary.

3. **Bankruptcy** ⟨⟩440—**Contest of claim is "proceeding in bankruptcy," not a "controversy in bankruptcy."**

A contested claim against an estate in bankruptcy presents a "proceeding in bankruptcy," within Bankruptcy Act, § 25a (Comp. St. § 9609), reviewable by appeal, not a "controversy in bankruptcy," reviewable on petition to revise under section 24b (Comp. St. § 9608), which would include the disposition of the assets of the estate.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bankruptcy Proceedings; Second Series, Controversy Arising in Bankruptcy Proceedings.]

4. **Bankruptcy** ⟨⟩341—**Reservation from allowance of claim held improper.**

Where the claim of a stockholder could not be enforced as against the creditors of the bankrupt, and there was no showing that the assets would exceed the claims of the other creditors, the stockholder's claim should have been disallowed without reservation, which would not have denied him the right as stockholder to insist on his rights as against the other stockholders or against any assets not distributed by the trustee.

Appeals from the District Court of the United States for the District of Massachusetts; James M. Morton, Jr., Judge.

In the matter of the bankruptcy of the National Piano Company. From an order of the District Court allowing the claim of Frederick M. Kilmer, as trustee, against Charles H. Keith, trustee in bankruptcy, both parties appeal. Decree vacated, and case remanded.

See, also, 261 Fed. 733, 9 A. L. R. 1287; 265 Fed. 268; 272 Fed. 648.

Lee M. Friedman, of Boston, Mass. (Percy A. Atherton and Friedman & Atherton, all of Boston, Mass., on the brief), for Keith.

Samuel D. Elmore, of Boston, Mass., for Kilmer.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. Keith v. Kilmer (No. 1406) 261 Fed. 733, 9 A. L. R. 1287, was an appeal by the trustee in bankruptcy of the National Piano Company, a Maine corporation, from an order of the District Court reversing the referee, and allowing the claim of Kilmer, trustee for his wife Alice, for $31,800. Kilmer's claim was based on the breach of an alleged written contract, dated February 3, 1913, between him and the corporation, for the purchase at par of 318 shares of the bankrupt's preferred stock, in installments of 3 shares a month, beginning on July 1, 1916. The corporation was adjudicated a bankrupt in June, 1916. In the opinion it was said:

"For present purposes we assume, without deciding, that the court below was correct in finding the contract was sufficiently authorized or ratified, or both, by the directors and stockholders, although in passing it may be noted that a minority of the stockholders appear to have had no knowledge of the

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

transaction, and therefore, if unanimous assent was requisite (Von Armin v Amer. Tube Works, 188 Mass. 515, 518, 74 N. E. 680), the corporation might not be bound; that question we pass. In like fashion, we assume that the court below was right in finding that at the time of the transaction the corporation was solvent, and the contract not tainted by fraud in fact—an intent to cheat creditors, existing or prospective.

"But it is entirely clear that the transaction out of which the alleged contract grew was entered into, not for the benefit of the corporation itself, but for the benefit of certain stockholders. In brief, junior and minority stockholders desired to buy out the senior and majority stockholders; and, having no money with which to buy, the parties agreed, not for the benefit of the corporation, but for the benefit of the trading stockholders, to have the corporation, in form at any rate, agree to buy and pay for a large part of the stock intended thus to pass ultimately from the seniors to the juniors, thus giving them control of the corporation and its offices, with the emoluments thereof. The corporation was, so to speak, made an accommodation purchaser for the benefit of certain vending and purchasing stockholders. Over $82,000 was thus paid by the bankrupt to, or for the benefit of, its trading stockholders, before bankruptcy—the natural result of such unbusinesslike and unlawful methods—overtook the concern. Kilmer now seeks to prove a similar claim for $31,800 more. The question presented, then, is whether, by executory contract between a Maine corporation and one of its stockholders, such stockholder may be transmuted from a stockholder into a creditor, and as such be permitted to share in the assets, pari passu with merchandise and other ordinary creditors, proving claims in bankruptcy. No authority is cited which on analysis sustains this proposition."

Careful re-examination of the record leaves us satisfied with the adequacy and accuracy of this brief and succinct statement of a long and complicated case.

After reviewing the authorities, the conclusion was that the decree of the District Court be reversed and the case remanded, with directions to enter an order disallowing the claim, with costs to the appellant. So far as then appeared in the record before this court, the only contention of the claimant was of a right to share equally with ordinary creditors in an ordinary bankrupt estate, inadequate to pay ordinary creditors in full. There was nothing to indicate the extraordinary situation of the corporation's becoming solvent by process of administration in bankruptcy. The question before us concerned Kilmer's right to prove a claim against a bankrupt estate, not his right to object to other claims against that estate, or to compel the trustee in bankruptcy to institute proceedings for the recovery of additional assets for the benefit of the corporation or for any of its stockholders, sharing therein pro rata or pursuant to any contract binding inter sese. The decision, therefore, covered everything of apparent practical or legal significance.

A petition for rehearing was denied by this court. 261 Fed. 741, 9 A. L. R. 1287. A petition for certiorari was denied by the Supreme Court. Kilmer v. Keith, 252 U. S. 578, 40 Sup. Ct. 344, 64 L. Ed. 725. The claimant then moved to amend the mandate, suggesting that it was broader than the opinions, and that the proper form was to remand for further proceedings not inconsistent with the opinions; also that he had certain possible rights, arising by estoppel or otherwise, against the corporation or some of its stockholders, that ought not to be barred or prejudiced by a broad decree capable of being argued as making

his claim void for all purposes against both the corporation and all its stockholders. As this court had explicitly limited its decision to the question of the right of such claimant to share in the assumedly insolvent estate of the bankrupt, and had not determined, or seen any occasion to determine, any possible right of the claimant against other stockholders, or against the whole or any part of any theoretically possible surplus remaining after the payment in full of its creditors, we saw no reason why the mandate should not be limited to further proceedings not inconsistent with the opinions. Such is, on general principles, the common and preferable form. Accordingly the mandate was so amended. 265 Fed. 268.

Thereupon in the District Court an order was made allowing the claim "reserving to merchandise and ordinary creditors their rights to secure payment in full of their claims in distribution in priority to Kilmer's claim." From this order both parties appealed, setting up numerous assignments of error, with most of which we find it unnecessary to deal.

[1] The gist of the claimant's contention now presented is that "the only logical and permissible decree on this proof of claim is 'Claim allowed,' without any reservation." This is obviously nothing but a renewed contention that the decision of this court was wrong. It amounts to seeking a reversal of that decision, after certiorari denied by the Supreme Court. It cannot be sustained.

The trustee in bankruptcy contends:

"That the court erred in ruling that the alleged Kilmer contract was valid and binding between the parties to it and their privies (including among the latter assenting stockholders, and perhaps all stockholders of the corporation)."

In the memorandum of decision of the District Court it is said as to the opinion of this court:

"The contract was not held to be illegal and void ab initio. It was apparently regarded as valid and binding between the parties to it and their privies (including among the latter assenting stockholders and perhaps all stockholders of the corporation), and as invalid against creditors."

This was error but (probably) harmless error. This court assumed, "without deciding," all questions as to authorization, ratification, lack of fraud in fact, etc.; i. e., all questions except the one decided were expressly left undecided. It seemed unnecessary, and on such a confused and confusing record unwise, to indulge in any broad and general discussion of the doctrine of ultra vires, and the results of its application to contracts executory, executed, or partly executory and partly executed. See Central Trans. Co. v. Pullman Co., 139 U. S. 24, 11 Sup. Ct. 478, 35 L. Ed. 55, where most of the prior Supreme Court decisions are reviewed by Mr. Justice Gray. As in that decision ultra vires contracts are held void, not voidable, this court could not properly on the record before us hold Kilmer's contract valid. But it was not necessary, in order to dispose of the litigation, to hold that out of the transaction, sought to be covered in part by this contract,

no rights of any kind had accrued to Kilmer. Compare Pullman Co. v. Transportation Co., 171 U. S. 138, 18 Sup. Ct. 808, 43 L. Ed. 108.

Moreover, if this court had found it necessary to decide many of the questions argued before us by Kilmer's counsel, it would probably have been found necessary to send the case back for a new trial before the District Court or the referee. Many facts material to questions argued cannot, we think, on the present record be determined. We did not, and do not, regard the record as an adequate basis for the determination of all possible questions as to the right of Kilmer against other stockholders involved in the complicated transactions of which this alleged contract was a comparatively small part. Much evidence offered before the referee was excluded, subject to exceptions which have never been passed upon by the District Court. Whether, in bankruptcy, any contention sought to be supported by such excluded evidence can be sustained we cannot on the record now before us determine. Apparently the claimant contends that, if given a standing to contest certain alleged invalid claims of creditors, and to insist that the trustee in bankruptcy should proceed to collect from Jewett, and perhaps others, assets belonging to the corporation, a surplus above all ordinary claims would accrue in which the claimant as stockholder or in other capacity might have rights. None of these questions are now before us. We held and hold the claim of Kilmer to be invalid against the bankrupt (insolvent) estate. So far as now appears, there is no estate against which his claim has rights. But we anticipate no question not now before us.

[2, 3] Counsel for both appellants are agreed that the reservation was no proper or legal part of a decree on the allowance or disallowance of a proof of claim: that such reservation is a technically improper attempt to deal with a question of distribution not now before the court. We accord with that view. But we see no present adequate reason for bringing the question to this court. When, if ever, the bankruptcy court is called upon to deal with the disposition of assets not belonging to ordinary creditors, there may then arise a "controversy in bankruptcy," as distinguished from the present case, which is a "proceeding in bankruptcy." See Bankruptcy Act, §§ 24a, 25a (Comp. St. §§ 9608, 9609); Tefft, etc., v. Munsuri, 222 U. S. 114, 32 Sup. Ct. 67, 56 L. Ed. 118.

It may be appropriate to add that we assume in the claimant's favor that, even if only a stockholder of the bankrupt corporation, he might be heard before the court or the referee on his contention that proper administration of the claims by and against the corporation would or might result in a surplus of assets belonging either to the corporation or to its stockholders as their rights inter sese might be determined. It cannot be that control of the corporation, by stockholders and officials who wreck it by wrongful abstraction of its assets and the creation of fraudulent claims against it, can be carried to successful fruition, to the profit of the wrongdoers, through the machinery of a voluntary bankruptcy. But we repeat that on the record before us we can decide only the question we have decided, to wit, that Kilmer has

no claim allowable in bankruptcy against the estate now in the bankruptcy court.

[4] The claim should have been disallowed without reservation. If, to avoid possible future doubt, it be desirable to incorporate in the memorandum of decision a statement to the effect that such disallowance is without prejudice to any rights claimant may hereafter, by proper proceedings, seek to establish against any of the stockholders of the bankrupt corporation, or against any assets of such corporation not distributed by the trustee in bankruptcy to the creditors in the bankruptcy proceedings, there could be no objection to such limiting and guarding statement.

We see no reason for revising the decree below as to costs in the former case.

As we regard both of the present appeals as needless, no costs in this court should be awarded.

The decree of the District Court is vacated, and the case is remanded to that court for further proceedings not inconsistent with this opinion; neither party recovers costs.