## KILMER v. KEITH.

### In re NATIONAL PIANO CO.

(Circuit Court of Appeals, First Circuit.  April 26, 1921.)

No. 1503.

Bankruptcy ☞340—Evidence held to sustain finding claimant had authorized her husband to deal with her certificate.

On a claim against an estate in bankruptcy, evidence that the claimant had intrusted money to her husband, which he had invested in stock of the company, *held* to sustain a finding that the claimant had authorized her husband to deal with the stock certificate in the manner he did, so that she had no greater rights against the bankrupt than her husband.

Appeal from the District Court of the United States for the District of Massachusetts; James M. Morton, Jr., Judge.

In the matter of the bankruptcy of the National Piano Company. From a decree denying the claim of Alice F. Kilmer against Charles H. Keith, as trustee in bankruptcy, the claimant appeals. Affirmed.

See, also, 261 Fed. 733, 9 A. L. R. 1287; 265 Fed. 268; 272 Fed. 643.

Samuel D. Elmore, of Boston, Mass., for appellant.

Lee M. Friedman, of Boston, Mass. (Percy A. Atherton and Friedman & Atherton, all of Boston, Mass., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge.  This is another aspect of the Kilmer claims against the bankrupt estate of the National Piano Company.

See Keith v. Kilmer (D. C.) 252 Fed. 950; Id., 261 Fed. 733, 9 A. L. R. 1287; Id., 265 Fed. 268.

The claimant, wife of Frederick M. Kilmer, presented a claim against the bankrupt estate for the alleged conversion on February 3, 1913, of 335 shares of its common stock standing in her name. Kilmer on or about that date indorsed this certificate, "Alice T. Kilmer, by Frederick M. Kilmer, Trustee," applied 17 shares of it toward the settlement of a claim of the corporation against himself, and received for the balance 318 shares of the preferred stock of the same corporation in his name as trustee, and also a written contract for the purchase of this stock, described in the above-cited decisions.

A sum of money not exceeding $8,000 belonging to Mrs. Kilmer had by her years before been turned over to her husband and by him put into the business of one of the two piano companies consolidated into the bankrupt corporation in 1910. Kilmer on or about December 19, 1911, caused said certificate for 335 shares to be issued in his wife's name. Mrs. Kilmer had never seen this certificate, but had been told of its existence.

The referee and the court below found that she had impliedly authorized her husband to deal with this certificate as he did. Her claim, therefore, was disallowed. The evidence fully sustains this finding.

Her rights, accruing through her husband as trustee, have been dealt with in the opinions above cited, and on appeals in Nos. 1486 and 1487, this day determined. 272 Fed. 643.

The decree of the District Court is affirmed, with costs to the appellee.