# MUNSURI *v.* FRICKER.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
PORTO RICO.

No. 21. Argued October 27, 30, 1911.—Decided December 4, 1911.

*Tefft, Weller & Co.* v. *Munsuri, ante,* p. 114, followed to effect that
the express provisions for review contained in the Bankruptcy Act
are controlling, and that review by this court under § 24b of an order
disallowing claims is not authorized by the act.

THE facts, which involve the jurisdiction of this court
of appeals under the Bankruptcy Act, are stated in the
opinion.

*Mr. George H. Lamar,* with whom *Mr. Willis Sweet* was
on the brief, for plaintiff in error.

*Mr. William G. Johnson,* with whom *Mr. Wm. H.
Hawkins* was on the brief, for defendant in error.

MR. CHIEF JUSTICE WHITE delivered the opinion of the
court.

This case relates to the same bankruptcy proceeding,
steps in which formed the basis of the appeal in case
No. 22, which has just been dismissed, *ante,* p. 114.

In the petition for voluntary adjudication of the alleged bankrupt firm, Julian Munsuri was averred to be a limited or special partner. Following certain proceedings before the referee and a motion by general creditors, the court below, on October 25, 1907, entered an order declaring Munsuri to be a general partner of the firm and his personal estate liable for the firm debts. It was not, however, until February 19, 1909—nearly sixteen months after the entry of the order and following the disallowance by the court of the claims of certain creditors which had been allowed by the referee—that this proceeding was commenced to obtain a review of the order and judgment of October 25, 1907. The proceeding for review was begun by the filing in the court below of a document styled "Petition for a Writ of Review to the United States District Court for Porto Rico," verified and certified as such by the attorney for Munsuri, which document, however, although couched in part in the phraseology of a petition, is also in form a writ of error directed to the judge of the court below. In the bond and citation reference is made to the proceeding as the prosecution of a Writ of Review for the correction of the judgment or order in the petition mentioned.

Objection is made by the counsel for the trustee to the exercise of jurisdiction by this court on the ground that the supposed writ and citation thereon and the docketing of the transcript are insufficient in law under any statute, or rule, or practice of the court, to bring within the appellate jurisdiction of this court, for its consideration or correction, any of the matters and things charged in the transcript. On the other hand the contention is that the proceeding may be sustained as an appeal solely upon the question of jurisdiction under § 5 of the Judiciary Act of 1891, or as a petition to superintend and revise in matter of law, under section 24b of the Bankruptcy Act. Aside from any question as to the lapse of time between the en-

try of the assailed order and the commencement of this proceeding for review, the decision in *Tefft, Weller & Co.* v. *Munsuri, ante,* p. 114, of this term, just decided, is controlling, because it was there expressly held that the express provisions for review contained in the Bankruptcy Act were controlling and that review under § 24*b* by this court is not authorized by the act.

*Dismissed.*