## SWIFT & COMPANY ET. AL. *v.* HOOVER.

ERROR TO AND APPEAL FROM THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

No. 101.   Submitted November 14, 1916.—Decided December 4, 1916.

A decree of the Supreme Court of the District of Columbia refusing to adjudicate defendant a bankrupt is not directly reviewable in this court.

Under § 24 of the Bankruptcy Act and § 252 of the Judicial Code, only controversies arising in bankruptcy proceedings, and not the steps taken in the proceedings themselves, afford basis for direct appeal to this court from the Supreme Court of the District of Columbia.

*Quære:* Whether Congress has omitted to provide for appellate review of bankruptcy adjudications of the Supreme Court of the District of Columbia.

THE case is stated in the opinion.

*Mr. Arthur A. Birney, Mr. H. W. Wheatley* and *Mr. Lucas P. Loving* for plaintiffs in error and appellants.

*Mr. E. F. Colladay* for defendant in error and appellee.

Mr. Justice Day delivered the opinion of the court.

This case is brought here by appeal and allowance of writ of error, from a decree of the Supreme Court of the District of Columbia, adjudging Hoover not a bankrupt. Counsel for the appellee and defendant in error urges that the appeal and writ be dismissed, but does not argue the question of the jurisdiction of this court; but, as such matters are noticed by this court whether specially urged by counsel or not, as it concerns our jurisdiction, we proceed to consider it. *Mansfield &c. Ry. Co.* v. *Swan,* 111 U. S. 379.

The provisions of the Bankruptcy Act for consideration in this connection are:

"Section 24. The Supreme Court of the United States, the circuit courts of appeals of the United States, and the supreme courts of the Territories, in vacation in chambers and during their respective terms, as now or as they may be hereafter held, are hereby invested with appellate jurisdiction of controversies arising in bankruptcy proceedings from the courts of bankruptcy from which they have appellate jurisdiction in other cases. The Supreme Court of the United States shall exercise a like jurisdiction from courts of bankruptcy not within any organized circuit of the United States and from the supreme court of the District of Columbia. . . .

"Section 25. That appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the circuit court of appeals of the United States, and to the supreme court of the Territories, in the following cases, to wit: (1) from a judgment adjudging or refusing to adjudge the defendant a bankrupt; . . ."

The same provision as to the review by this court of controversies arising in bankruptcy proceedings is carried into the Judicial Code, § 252, in which provision is made for the review in this court of controversies arising in bank-

ruptcy proceedings in the Supreme Court of the District of Columbia.

It is apparent from reading these sections of the statute that a direct appeal to this court from the Supreme Court of the District of Columbia is allowed only in controversies arising in bankruptcy proceedings, and not from the steps in a bankruptcy proceeding. The nature of such controversies has been frequently considered in decisions of this court, and needs little discussion now. Such controversies embrace litigation which arises after the adjudication in bankruptcy, sometimes by intervention, the parties claiming title to property in the hands of the trustee, or other actions, usually plenary in character, concerning the right and title to the bankrupt's estate. Such proceedings as the present one, resulting in a decree refusing to adjudicate the defendant a bankrupt, are but steps in a bankruptcy proceeding and not controversies arising in bankruptcy proceedings within the meaning of the statute. *Denver First National Bank* v. *Klug,* 186 U. S. 202.

The decisions of this court in *Tefft, Weller & Company* v. *Munsuri,* 222 U. S. 114, and *Munsuri* v. *Fricker,* 222 U. S. 121, are decisive of this point. In the first of these cases there was an attempt to prosecute a direct appeal to this court from the District Court of the United States for Porto Rico, where the proceeding was based upon a claim in bankruptcy. It was there held that an order of the bankruptcy court of Porto Rico, disallowing the claim, was not a controversy arising in a bankruptcy proceeding within the meaning of the statute. The contention that such action, based upon a claim filed in a bankruptcy proceeding, was appealable to this court was denied, the court saying:

"But the entire argument rests upon a misconception of the words 'controversies in bankruptcy proceedings,' as used in the section, since it disregards the authoritative

construction affixed to those words. *Coder* v. *Arts*, 213
U. S. 223, 234; *Hewit* v. *Berlin Machine Works*, 194 U. S.
296, 300. Those cases expressly decide that controversies
in bankruptcy proceedings as used in the section do not
include mere steps in proceedings in bankruptcy, but em-
brace controversies which are not of that inherent char-
acter, even although they may arise in the course of pro-
ceedings in bankruptcy."

It is true that in *Audubon* v. *Shufeldt*, 181 U. S. 575,
and in *Armstrong* v. *Fernandez*, 208 U. S. 324, this court
did review proceedings in bankruptcy—in one case from
the District of Columbia, and in the other from the Dis-
trict Court of the United States for Porto Rico. Of the
*Armstrong Case*, which was a review by appeal of an
adjudication of bankruptcy, this court, in the *Tefft,
Weller & Company Case, supra*, said:

"It is true, as suggested in argument, that in *Armstrong*
v. *Fernandez*, 208 U. S. 324, jurisdiction was exerted to
review the action of the court below in a case which was
not susceptible of being reviewed under the construction
of the statute which we have here applied. But in that
case there was no appearance of counsel for the appellee,
and while a general suggestion was made in the argument
of appellant as to the duty of the court not to exceed its
jurisdiction, no argument concerning the want of juris-
diction was made. The case therefore in substance pro-
ceeded upon a tacit assumption of the existence of juris-
diction, an assumption which would not be now possible
in consequence of the authoritative construction given to
§ 24 (a) in *Coder* v. *Arts, supra*. Under these circum-
stances, the mere implication as to the meaning of the
statute resulting from the jurisdiction which was in that
case merely assumed to exist, is not controlling and the
*Armstrong Case*, therefore, in so far as it conflicts with
the construction which we here give the statute, must be
deemed to be qualified and limited."

It may be true that Congress has failed to give an appellate review in proceedings in bankruptcy from the Supreme Court of the District of Columbia from a decree with reference to an adjudication in bankruptcy, but, as observed in the *Tefft, Weller & Company Case,* that does not give this court authority to assume jurisdiction not given to it by law.

It follows that the appeal and writ of error must be dismissed for want of jurisdiction.

*Dismissed.*