## RUTHERFORD v. ELLIOTT.

Circuit Court of Appeals, Sixth Circuit.
May 9, 1927.

No. 4849.

Bankruptcy ⬥461—Amendment of Bankruptcy Act, providing for appeals in discretion of appellate court, held not to preclude allowance of appeal by District Judge (Bankruptcy Act, §§ 24b, 25, 25a, as amended by Act May 27, 1926).

Amendment of May 27, 1926 (44 Stat. 664), to Bankruptcy Act, made in language of section 24b, providing for appeal to be allowed in discretion of appellate court, *held* not to preclude allowance by District Judge of appeal under section 25a, since abolition of all appeals under section 25, unless specially allowed by appellate court, would have been indicated by clearer language.

Action between A. G. Rutherford and W. K. Elliott, trustee in bankruptcy of Pricy A. Varney and another, in which an appeal by the former was allowed by the District Judge. On motion to dismiss. Motion denied.

Wells Goodykoontz, Ira J. Partlow, and Randolph Bias, all of Williamson, W. Va., for appellant.

Browning & Reed, of Ashland, Ky., and Stratton & Stephenson, of Pikeville, Ky., for appellee.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

PER CURIAM. This is an appeal under section 25a of the Bankruptcy Act. The appeal was allowed by the District Judge. Appellee now moves to dismiss because the allowance was not made by this court, and insists that the effect of the amendment of May 27, 1926, is to require such special allowance. The amendment was made in the language of section 24b. As amended, it reads:

"Such power shall be exercised by appeal and in the form and manner of an appeal, except in the cases mentioned in said section 25 to be allowed in the discretion of the appellate court." 44 Stat. 664.

In view of the known purpose of this amendment, we think the paragraph should be interpreted as if it read:

"Such power shall be exercised by appeal and in the form and manner of an appeal, to be allowed, except in the cases mentioned

in said section 25, in the discretion of the appellate court."

The same result will come from inserting, after the second "appeal," the words "but it is," or the clause as it is may be read with such expression as to show that "except" modifies "allowed." An intent to make so vital a change as it would be to abolish all appeals under section 25, unless they were specially allowed by the appellate court, would have been indicated in clearer language.

The motion to dismiss is denied.