## QUINN v. GARDNER et al.
### In re EWERT.

Circuit Court of Appeals, Eighth Circuit.
August 31, 1928.

No. 8314.

Howard G. Fuller, of Pierre, S. D., and R. F. Drewry, Asst. Atty. Gen., of South Dakota, for petitioner.

George E. Longstaff, of Huron, S. D., opposed.

Before STONE, Circuit Judge, and OTIS, District Judge.

STONE, Circuit Judge. During the administration of the bankrupt estate of Adolph W. Ewert, certain real and personal property belonging to the bankrupt came into custody of the trustee. The trustee attacked certain mortgages thereon for fraud and other reasons. The referee held such mortgages void. A review of that order resulted in its reversal by the District Court which held the mortgage valid. An appeal was taken by the trustee from that order. The trustee was unable to give a supersedeas bond in the amount ($12,000) fixed by the court. That appeal was taken about March 30, 1927, and heard by this court (Judges SANBORN, BOOTH and MUNGER) at the last December term. Before decision, Judge SANBORN died and the case was recently returned to the docket for resubmission. Thereafter, the mortgagees filed a petition to require the trustee to set over to them all of the mortgaged property as burdensome to the bankrupt estate, to abandon and disclaim title thereto, and for leave to foreclose with the trustee adjudicated as not a necessary party thereto. The court affirmed an order of the referee granting the prayer of the above petition. The trustee declined to apply for an appeal therefrom because he deemed an appeal without a supersedeas as ineffectual and he could not furnish a superseding bond. This application for appeal is presented by Charles F. Fiman, receiver of a national bank which is one of the principal creditors of the bankrupt. He presents two alternative petitions for appeal. In one he asks to appeal in his own name and right as a creditor. In the other he asks an appeal in the name of the trustee. In either case he asks leave and offers to file a supersedeas bond as principal.

Appellees raise the point of the jurisdiction of this court to allow the appeal sought. The jurisdiction of *this* court to allow appeals in bankruptcy matters is derived from the Act of May 27, 1926, amending section 24b of the Bankruptcy Act (44 Stat. 664; 11 USCA § 47 [b]). It is limited to "proceedings in bankruptcy," as distinguished from "controversies arising out of bankruptcy" (Raich v. Olson, 25 F.[2d] 865, this court; Stanley's Incorporated Store #3 v. Earl, 25 F.[2d] 458, this court; Broders v. Lage, 25 F.[2d] 288, this court; Deeley v. Cinn. Art Pub. Co. [C. C. A.] 23 F.[2d] 920, Sixth Circuit; In re Co-operative League of America [C. C. A.] 22 F.[2d] 725, Seventh Circuit), and includes all "proceedings in bankruptcy" ex-

cept the three specific instances: (1) Adjudication on bankruptcy; (2) adjudication on discharge; and (3) adjudication on debt or claim of $500 or more, expressly provided for in section 25a (11 USCA § 48[9]). Stanley's Inc. Store #3 v. Earl, 25 F.(2d) 458, 459, this court; Broders v. Lage, 25 F.(2d) 288, 290, this court; Deeley v. Cinn. Art. Pub. Co. (C. C. A.) 23 F.(2d) 920, 921, Sixth Circuit; In re Co-operative League of America (C. C. A.) 22 F.(2d) 725, Seventh Circuit; Morse & Tyson v. Irving-Pitt Mfg. Co., 18 F.(2d) 692, 695, this court; Rutherford v. Elliott (C. C. A.) 18 F.(2d) 956, Sixth Circuit. Therefore the jurisdiction of this court to grant this appeal depends upon whether the order sought to be appealed is a "proceeding in bankruptcy" or a "controversy arising out of bankruptcy." Only if it is the former have we such jurisdiction.

The order is one declaring the mortgaged property burdensome, disclaiming title of the trustee thereto, and permitting the mortgagees to foreclose without making the trustee a party thereto. Its broad effect is to recognize the validity of the mortgages, and to move all claim to the mortgaged property from the bankrupt's estate. Among the reasons, urged by petitioner, why this order is improper, are that the order makes it difficult, if not impossible, for the trustee to realize the benefits of the pending appeal, if the mortgages should be declared invalid, on that appeal; that the state law does not give a mortgagee any right to possession and income during the year allowed for redemption; and that the trustee has expended to protect the property from taxes and prior liens more than the income received from the property. Each of these reasons has to do with or is a controversy between the trustee and an adverse claimant to property.

The Supreme Court says that "'controversies arising in bankruptcy proceedings' * * * include those matters arising in the course of a bankruptcy proceeding, which are not mere steps in the ordinary administration of the bankrupt estate, but present, by intervention or otherwise, distinct and separable issues between the trustee and adverse claimants concerning the right and title to the bankrupt's estate. * * * On the other hand, the 'proceedings' in bankruptcy referred to in section 24b are those matters of an administrative character, including questions between the bankrupt and his creditors, which are presented in the ordinary course of the administration of the bankrupt's estate. * * * In such administrative matters—as to which the courts of bankruptcy proceed in a summary way in the final settlement and distribution of the estate. * * *" Taylor v. Voss, 271 U. S. 176, 180, 181, 46 S. Ct. 461, 463 (70 L. Ed. 889).

This court said (Broders v. Lage, 25 F. [2d] 288–289): "The phrase 'proceeding in bankruptcy' includes questions arising between the alleged bankrupt and his creditors, commencing with the petition for adjudication, and ending with the discharge, and also includes the intermediate administrative steps, such as the election of trustee, allowance of claims, fixing of priorities, and proceedings relating to exemptions, sales, allowances, and other like matters, which courts of bankruptcy dispose of in a summary way."

Applying the above definitions, and considering the character of the issues raised in the assignment of errors here presented and the substance of this dispute, it is clear that the order here involved is and has to do with a "controversy arising out of bankruptcy proceedings" between the trustee (representing all of the creditors) and adverse claimants to property held by the trustee. Hence the appeal is governed by and must be taken in acordance with section 24a of the Bankruptcy Act, and cannot be granted by this court under section 24b as amended.

Without consideration of any other matters argued before us, we must deny the appeal for want of jurisdiction. It is so ordered.