## ST. LOUIS CAN CO. v. GENERAL AMERI-
## CAN LIFE INS. CO. et al.
## No. 10188.

Circuit Court of Appeals, Eighth Circuit.
April 25, 1935.

Samuel H. Liberman, of St. Louis, Mo. (T. M. Pierce, of St. Louis, Mo., and E. H. Miller, of Jefferson City, Mo., on the brief), for appellant.

Earl F. Nelson, of St. Louis, Mo. (Fred L. Williams, Fred L. English, Irvin H. Gamble, Fred J. West, Max W. Kramer, and Nagel, Kirby, Orrick & Shepley, all of St. Louis, Mo., on the brief), for appellees.

Before GARDNER, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

WOODROUGH, Circuit Judge.

The St. Louis Can Company filed its petition seeking reorganization under section 77B of the Bankruptcy Act (11 USCA § 207), and the district judge, having examined the same and being satisfied that it had been filed in good faith, ordered that it be approved. Thereafter five creditors, having provable claims against the debtor of more than $1,000 in excess of the value of securities held by them, filed their answer and application for dismissal of the petition. Hearing was had, and the court set aside and vacated the order approving the debtor's petition, and dismissed the proceedings at the cost of the debtor. The debtor petitioned this court for an appeal, which was denied. Having obtained an order in the District Court allowing appeal, the debtor now seeks to have the order reviewed and reversed. The creditors move this court to dismiss the attempted appeal on the grounds: (1) That the order of the District Court was not a "controversy in bankruptcy" from which an appeal might be allowed under the provisions of section 24a of the Bankruptcy Act, as amended by Act May 27, 1926, 11 USCA § 47 (a); (2) that the order was not "a judgment refusing to adjudicate the defendant a bankrupt" appealable under section 25a of the Bankruptcy Act, as amended by Act May 27, 1926, 11 USCA § 48 (a).

This court has considered the question of appeals taken from orders entered in proceedings under section 77B in Credit Alliance Corporation v. Atlantic, Pacific & Gulf Refining Co., 77 F.(2d) 595, and Vitagraph, Inc., v. St. Louis Properties Corporation, 77 F.(2d) 590, this day decided. Particularly in Credit Alliance Corporation v. Atlantic, Pacific & Gulf Refining Co., where the trial court, after hearing, denied a creditor's petition to vacate an order approving the petition of a debtor under section 77B and overruled a creditor's motion to dismiss the proceedings, we held that the orders were only appealable under section 24b, as amended by Act May 27, 1926, 11 USCA § 47 (b), as "proceedings in bankruptcy" which this court has jurisdiction to superintend and revise in matter of law upon appeal to be allowed in the discretion of the appellate court. We think the orders of the District Court here presented are of exactly the same nature as were the orders which we considered in that case.

There the creditors were unsuccessful in the District Court in their effort to have the order approving the debtors' petitions vacated and the approval was adhered to. Here the creditors were successful, and the prior order of approval was vacated. But the nature of the proceedings is not changed by their outcome. They remain "proceedings in bankruptcy" appealable under section 24b, as amended, and not otherwise.

On the hearing of the application for appeal made to this court, the debtor presented the assignments of error relied upon and was heard in oral argument. The grounds upon which the discretion of the court was invoked were adequately presented, and, although the ruling was made without opinion published, it was made in the exercise of the court's discretion.

Though not pertinent to the decision in this case, we take occasion to say that it seems to have been assumed by counsel in some cases that this court would grant appeals as a matter of course to review the proceedings of the several inferior courts of bankruptcy within its jurisdiction. But such is not the practice of this court. Section 24b of the Bankruptcy Act, as amended, confers jurisdiction upon the Courts of Appeals "to superintend and revise in matter of law * * * the proceedings of the several inferior courts of bankruptcy within their jurisdiction," but it also provides that "such power shall be exercised by appeal * * * to be allowed in the discretion of the appellate court." For reading of the section, see Rutherford v. Elliott (C. C. A.) 18 F.(2d) 956; Stanley's Incorporated Store, etc., v. Earl (C. C. A.) 25 F.(2d) 458.

Appeal dismissed.