**CREDIT ALLIANCE CORPORATION v. ATLANTIC, PACIFIC & GULF REFINING CO. et al.**

No. 10184.

Circuit Court of Appeals, Eighth Circuit.

April 25, 1935.

Alfred McKnight, of Fort Worth, Tex. (Eliot E. Berkwit, of New York City, Warren Scarborough, of Fort Worth, Tex., Dills, Muecke & Schelker, of New York City, and Cantey, Hanger & McMahon, of Fort Worth, Tex., on the brief), for appellant.

Dupuy G. Warrick, of Kansas City, Mo. (Robert B. McCreight and Borders, Borders & Warrick, all of Kansas City, Mo.,

on the brief), for E. E. Amick, successor temporary trustee for Atlantic, Pacific & Gulf Refining Company, appellees.

Before GARDNER, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

WOODROUGH, Circuit Judge.

On the 19th day of June, 1934, the Atlantic, Pacific & Gulf Oil Company filed its verified petition under section 77B of the Bankruptcy Act (11 USCA § 207) "stating the requisite jurisdictional facts under the section; the nature of its business; in brief description, the assets, liabilities, capital stock and financial condition; the fact that prior receivership proceedings in equity were pending against it in various named courts; its inability to meet its debts as they mature and that it desired to effect a plan of reorganization." The prayer was for an order approving the petition as properly filed in good faith and for all other relief, including the appointment of trustee, to which the debtor may be entitled. At the same time and in the same proceeding similar petitions were filed by five other corporations, in each of which it was alleged that the majority of the capital stock of the corporation which has power to vote at the election of directors is owned directly by the Atlantic, Pacific & Gulf Oil Company. Upon the filing of the petitions, the judge of the court, being satisfied that the petitions complied with section 77B and had been filed in good faith, approved the petitions as properly filed under the section and appointed a temporary trustee. The court also fixed the date of July 7, 1934, for a hearing to be had after notice to creditors and stockholders as contemplated by the statute section 77B (c), 11 USCA § 207 (c).

Within the time fixed for the hearing, the Credit Alliance Corporation appeared and filed a so-called plea to the jurisdiction and also its objections to continuation of trusteeship and appointment of permanent trustee and motion to dismiss. Its pleadings alleged that the subsidiary corporation, Atlantic, Pacific Gulf Refining Company, was indebted to the Credit Alliance Corporation in an amount far exceeding the value of all of the property of such subsidiary, said property being all subject to a lien for said debt; that the federal District Court in Texas, within whose territorial jurisdiction practically all of the property of the subsidiary corporation was situate, had ordered such property sold to satisfy the debt, and the sale was imminent, and that there was no possible hope that reorganization of the subsidiary corporation could be effected, but that the proceedings under section 77B had been taken solely to hinder and delay and not in good faith.

The court, having heard the testimony offered on the issues raised, adjourned the hearing upon the matter of the appointment of a permanent trustee to subsequent date to be fixed on notice and overruled the objections of the Credit Alliance Corporation and its motion to dismiss. The court found that it would disturb and defeat the exclusive jurisdiction of the court over the property of the debtors to permit the sale of the property in Texas, and that such sale might interfere with a plan of reorganization which may be submitted under the provisions of section 77B, and the holding of the sale was accordingly stayed and parties were enjoined from proceeding therewith. "until the further order of the Court."

The Credit Alliance Corporation claims to be aggrieved by the orders of the District Court and seeks to have them reviewed and reversed, but it made no application to this court for an appeal from the said orders. We have no discretion to entertain appeals which are not taken in accordance with the statute which gives us appellate jurisdiction [Wingert v. Smead (C. C. A.) 70 F.(2d) 351, 352], and although no motion to dismiss has been made, we must consider first the question of the sufficiency of the appeal which the Credit Alliance Corporation seeks to maintain in this court.

The objections and motion to discontinue the trustee and to dismiss filed by the creditor Credit Alliance Corporation called upon the trial court either to, in effect, set aside and annul its order approving the petitions of the debtors as properly filed in good faith, or else the pleadings called upon the trial court, in the exercise of its jurisdiction over the debtors and their property conferred upon the court of bankruptcy by section 77B, to terminate the trusteeship and restore the possession, as the trial court is given power to do by paragraph (c) of section 77B. The order of the trial court overruling the Credit Alliance Corporation's objections and motions must therefore be treated either as

an order refusing to vacate the order approving the debtors' petition as properly filed in good faith; or as an order made within the court's jurisdiction under paragraph (c) of section 77B refusing to restore the property.

We have considered the nature of the proceedings under section 77B in relation to proceedings in bankruptcy and appeals from orders therein in Vitagraph, Inc., v. St. Louis Properties Corporation, 77 F. (2d), 590, decided this day, and it appears to us that, in whatever light this order of the trial court is regarded, it could only be appealed to this court under the provisions of section 24b of the Bankruptcy Act as amended by Act May 27, 1926 (11 US CA § 47 (b). That section provides: "The several circuit courts of appeal * * * shall have jurisdiction in equity * * * to superintend and revise in matter of law * * * the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised by appeal * * * to be allowed in the discretion of the appellate court." For reading of the section, see Rutherford v. Elliott (C. C. A.) 18 F.(2d) 956; Stanley's Incorporated Store, v. Earl (C. C. A.) 25 F.(2d) 458.

In Chicago Bank of Commerce v. Carter (C. C. A.) 61 F.(2d) 986, voluntary petitions were filed by several corporations to be adjudged bankrupts, and after the adjudications, creditors filed petitions challenging the jurisdiction of the court to enter adjudications in bankruptcy and seeking to vacate the orders of adjudication. These petitions the trial court denied, and this court held, on full consideration, that "proceedings in bankruptcy" were presented and the order was appealable only under section 24b when allowed in the exercise of discretion by this court. Swift & Co. v. Hoover, 242 U. S. 107, 37 S. Ct. 56, 61 L. Ed. 175; Taylor v. Voss, 271 U. S. 176, 46 S. Ct. 461, 70 L. Ed. 889; Clark v. Huckaby (C. C. A. 8) 28 F.(2d) 154, 67 A. L. R. 1456; Quinn v. Gardner (C. C. A. 8) 28 F.(2d) 270. So in this case, it is equally clear that the pleadings of the creditor, Credit Alliance Corporation, which challenged the jurisdiction of the bankruptcy court to enter its order approving the petitions of the debtors for reorganization under section 77B and the order now complained of denying relief on that ground

presented only "proceedings in Bankruptcy" appealable under section 24b.

The same conclusion is also inevitable when the order is considered as a determination not to restore the property under paragraph (c) of section 77B. It is expressly provided by the terms of section 77B that upon the approval of the debtors' petitions the court of bankruptcy becomes vested with exclusive jurisdiction of the debtors and their property, wherever located, for the purposes of section 77B. Continental Illinois Nat. Bank & Trust Co. v. Chicago, Rock Island & Pacific Ry. Co., 55 S. Ct. 595, 79 L. Ed. ——, decided April 1, 1935. It follows that the inquiry by the bankruptcy court into the question whether or not the particular property of the debtor should or should not be restored, and its decision not to restore the same until further order of the court, were proceedings in bankruptcy appealable only under section 24b.

The order enjoining the creditor, Credit Alliance Corporation, from commencing or prosecuting any further action or actions to enforce its lien until the further order of the court was also a step in the bankruptcy proceedings, a "proceeding in bankruptcy" not assuming to adjudicate upon any adverse claim to the property or presenting a "controversy." Such order also was appealable only under section 24b.

Study of the legislation of 1933 and 1934 amendatory of the Bankruptcy Act also persuades that it would not tend to more successful administration to multiply appeals thereunder beyond the plain implications of the amendments. The comment of the Supreme Court in Continental Ill. Nat. Bank & Trust Co. v. C., R. I. & P. Ry. Co., supra, relative to the plain duty of the parties to carry forward the proceedings under section 77B with diligence and the duty of the courts to see that they do, is fully applicable to these proceedings. They and the like proceedings can, in many instances, be most effective by prompt determination of the vital ultimate question whether a reorganization is feasible, or whether the proceedings merely hinder and delay creditors of their just rights and remedies.

There was no application for appeal made to this court, and this court allowed none. The appeal is accordingly dismissed.