**VITAGRAPH, Inc., et al. v. ST. LOUIS PROPERTIES CORPORATION et al.**

No. 10186.

Circuit Court of Appeals, Eighth Circuit.

April 25, 1935.

Meyer Abrams, of Chicago, Ill. (Claude McElwee, Oscar J. Mudd, Foristel, Mudd, Blair & Habenicht, and Charles K. Berger, all of St. Louis, Mo., on the brief), for appellants.

Joseph H. Grand, of St. Louis, Mo. (Jacob Chasnoff, Clarence M. Turley, and Frank H. Sullivan, all of St. Louis, Mo., and David Levinson, of Chicago, Ill., on the brief), for appellees.

Before GARDNER, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

WOODROUGH, Circuit Judge.

Three creditors of the St. Louis Properties Corporation, having provable claims amounting in the aggregate to more than $1,000 in excess of the value of securities held by them, filed petition for reorganization of the St. Louis Properties Corporation under section 77B of the Bankruptcy Act (11 USCA § 207), and joining petitions were also filed by other creditors, to all of which the Properties Corporation and committees holding all but a small percentage of the mortgage bonds issued by the corporation filed answers in resistance. There was a hearing after notice, and the trial court found that the material allegations of the petition and joining petitions were not sustained by the proof, and that the petitions were not filed in good faith, and the court accordingly disapproved the same and dismissed them at the cost of the petitioners and joining petitioners. Appeal was allowed by the District Court, but no application for appeal was made to this court.

The St. Louis Properties Corporation and the bondholders' committees have moved to dismiss this appeal prosecuted by the creditors from the order of the trial court refusing to approve the creditors' petitions and dismissing the same, claiming that the appeal is not authorized by law. But the creditors contend that "the appeal lies as of right under section 25a of the Bankruptcy Act 11 USCA § 48 (a) authorizing appeals from a judgment adjudging or refusing to adjudge the defendant a bankrupt, or, if not allowable under that section; (2) that the appeal lies as a controversy under section 24a of the Bankruptcy Act, 11 USCA § 47 (a), or, if neither of those sections applies, (3) that the appeal lies under general statutes relating to appeals (28 USCA § 225)."

The questions raised are important and the subject has been fully briefed by counsel in this case and in St. Louis Can Co. v. General American Life Insurance Co. (C. C. A.) 77 F.(2d) 598, and Credit Alliance Corporation v. Atlantic, Pacific & Gulf Refining Co. (C. C. A.) 77 F.(2d) 595, submitted and decided at the same time.

The creditors' third contention, that they are entitled to prosecute this appeal as

of right under the provisions of 28 USCA § 225, assumes that by the filing of their petitions in the lower court, the joinder of issues and the hearing and ruling thereon "a final decision of a case in the District Court" is presented, appealable under the general provisions of subdivision (a)* of that section, and that they are not restricted in the manner of taking their appeal by the following provision of subdivision (c) of the section (28 USCA § 225 (c): "The circuit courts of appeals shall also have an appellate and supervisory jurisdiction under sections 47 and 48 of Title 11, over all proceedings, controversies, and cases had or brought in the district courts under Title 11, relating to bankruptcy, or any of its amendments, and shall exercise the same in the manner prescribed in those sections. * * *"

It is plain that if the proceedings of the creditors were "proceedings brought in the District Court under title 11 relating to bankruptcy, or any of its amendments," this court can exercise its appellate jurisdiction only in the manner prescribed in sections 47 and 48 of title 11.

■ "The principle * * * is, that a proceeding in bankruptcy, from its commencement to its close upon the final settlement of the estate, is but one suit. The several motions made and acts done in the bankrupt court in the progress of the cause are not distinct suits at law or in equity, but parts of one suit in bankruptcy, from which they cannot be separated." Wiswall et al. v. Campbell et al., 93 U. S. 347, 348, 23 L. Ed. 923.

■ The general appellate jurisdiction conferred upon this court "extends only to a re-examination of final judgments or decrees in suits at law or in equity, and it follows that we have no control over judgments and orders made by the courts below in mere bankruptcy proceedings," except as specially provided. (Idem.)

■ Section 77B, under the authority of which the creditors filed their petitions, was enacted by Congress as an amendment to the Bankruptcy Law, so there is presented to us the same inquiry concerning section 77B which the Supreme Court has recently considered at length and answered fully as to section 77, 11 USCA § 205 viz.:

"Does the section constitute a law on the subject of bankruptcy?" Continental Illinois Nat. Bank & Trust Co. v. Chicago, R. I. & P. Ry. Co., 55 S. Ct. 595, 604, 79 L. Ed. ——, decided April 1, 1935. While section 77 concerns reorganization of railroad corporations which are in many respects peculiar among corporations, we think that the reasoning of the Supreme Court leads inevitably to the conclusion that section 77B likewise "constitutes a law on the subject of bankruptcy" and is a constitutional amendment to title 11 USCA relating to bankruptcy.

■ It follows that the petitions for reorganization filed by the creditors, and the joinder of issues, and hearing and order made "were proceedings brought in the District Court under title 11 relating to bankruptcy and one of its amendments," and were appealable only "in the manner prescribed by sections 47 and 48 of title 11." It is true that the petitions were disapproved and dismissed so that the property of the corporation was not taken over, and there was no further exercise of the bankruptcy jurisdiction, but, as the proceedings were brought under the amendment to title 11, no appeal to this court is accorded except under the restrictions of subdivision (c), (28 USCA § 225).

No express provision is to be found in section 77B for appeals from orders made in the proceedings contemplated by the section except as it is provided in paragraph (c) (9), 11 USCA § 207 (c) (9) that appeals may be taken to the circuit courts of appeals from "orders fixing such allowances," which appeals may be taken "independently of other appeals in the proceeding." There is in this recognition of congressional intent that there are certain appeals allowable where bankruptcy in some form contemplated by section 77B is in process, but no inference can be drawn from the legislation as a whole, except that the provisions of the Bankruptcy Act respecting appeals must control.

■ Accordingly, we consider first section 25a, 11 USCA § 48 (a): "Appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the circuit courts of appeal * * * in the following cases, to wit: (1) From a

---

*28 USCA § 225 (a):
"(a) The circuit courts of appeal shall have appellate jurisdiction to review by appeal or writ of error final decisions—

"First. In the district courts, in all cases save where a direct review of the decision may be had in the Supreme Court under section 345 of this title."

judgment adjudging or refusing to adjudge the defendant a bankrupt."

Manifestly, the order in this case refusing to approve the creditors' petitions and dismissing the same at petitioners' cost was not literally "a judgment refusing to adjudge the defendant a bankrupt," but the contention is that Congress intended to identify them with each other so completely as to make one practically the equivalent of the other and equally appealable. We do not think so.

The general scope and purpose of section 77B, as stated in section 77A (11 US CA § 206), is to add to the jurisdiction of the courts of bankruptcy. The existing jurisdiction is referred to as "jurisdiction to adjudge persons bankrupt in voluntary and involuntary proceedings"; the addition is to "exercise original jurisdiction in proceedings for the relief of debtors, as provided in section 77B [section 207 of this chapter]. * * *" Consideration of the provisions of section 77B discloses that the "proceedings for the relief of debtors" are all aimed at a reorganization of the debtor which will save it from liquidation. But, as was fully developed by the Supreme Court, the proceedings have not lost their character as proceedings in bankruptcy. The several amendments which have been made are advancing steps "in the direction of liberalizing the law on the subject of bankruptcies." "Taken altogether, they demonstrate in a very striking way the capacity of the bankruptcy clause to meet new conditions" and in their "general scope and aim [they are] within the power conferred by the bankruptcy clause of the Constitution." Continental, etc., Co. v. Chicago, R. I. & P. Ry. Co., supra. See "Corporate Reorganizations under the Bankruptcy Act," Amer. Bar Assn. Journal, vol. 21, No. 2, p. 73; "Some Comments on the Corporate Reorganizations Act," Harvard Law Review, vol. XLVIII, No. 1, p. 39.

Though broad powers are conferred on the court of bankruptcy in section 77B to aid in accomplishing the "reorganization" there is recognition throughout the section that all plans of reorganization may fail, and that after all efforts have failed, the adjudication and liquidation of bankruptcy, as applied before the amendment, may turn out to be the only recourse. The court may, in the end, have to render a judgment adjudging or refusing to adjudge the defendant a bankrupt after all the "proceedings for the relief of the debtor" have been gone through with. Continental, etc., Co. v. C., R. I. & P. Ry. Co., supra. Therefore, it cannot be said that the order under section 77B which is sought to be appealed from here is precisely of the same nature as a judgment refusing to adjudge a defendant a bankrupt. It lacks an element of conclusiveness inherent in the bankruptcy judgments which involve the absolute processes of liquidation. Obviously, whether Congress ought or ought not to make the order herein appealable as of right would depend upon different considerations from those which determined Congress to make the judgment refusing to adjudicate a bankrupt so appealable.

Various provisions of section 77B undoubtedly reflect the intention of Congress to assimilate many of the "proceedings for the relief of debtors" to the proceedings which have long been known as "proceedings in bankruptcy." Particularly paragraph (k) of section 77B, 11 USCA § 207 (k) directs that all provisions of the bankruptcy act shall apply to proceedings instituted under 77B except those that are inconsistent and certain others specifically enumerated; and in order to make application of the bankruptcy provisions to the "proceedings for the relief of debtors" it is stated that "provisions relating to 'bankruptcy proceedings,' or 'proceedings in bankruptcy' shall be deemed to include proceedings under this section; the date of the order approving the petition or answer under this section shall be taken to be the date of the adjudication, and such order shall have the same consequences and effect as an order of adjudication." In paragraph (o), 11 USCA § 207 (o), it is provided that "consistent with the provisions of 77B [thereof], the jurisdiction and powers of the court, the duties of the debtor and the rights and liabilities of creditors, and of all persons with respect to the debtor and its property, shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the debtor's petition or answer was approved."

On the other hand, section 77B is intended to be complete legislation on the subject which it covers and includes by reference, and it nowhere provides that appeal shall be allowed as of right from an order refusing to approve petitions for reorganization and dismissing the same. Nor

is it indicated directly that such order shall be the equivalent of a judgment refusing to adjudge a defendant a bankrupt in respect to the right of appeal. Although it says that the order approving petitions shall have the same consequences and effect as an order of adjudication, it plainly means that such shall be the consequences and effect in the proceedings provided for by the section 77B; all of which proceedings, as pointed out, may ultimately prove unavailing to relieve the debtor. The debtor may, notwithstanding, have to be adjudicated a bankrupt and liquidated.

As indicating some of the differences between the order involved here and a judgment refusing to adjudicate a bankrupt, it is to be noted that the issues raised by the answer to creditors' petitions filed under section 77B "shall be determined summarily" by the judge sitting in bankruptcy. Issues upon which the determination to adjudge or to refuse to adjudge the defendant a bankrupt are not so summarily determined. It is also provided in section 77B that, after the judge approves the petition, "an order of adjudication in bankruptcy shall not be entered." The plain inference from this direction not to enter an order of adjudication in bankruptcy being that the order approving the petition is an entirely different thing in the mind of Congress from an order of adjudication in bankruptcy, and that where the first order is made the other shall not be. The section also prescribes "that if the judge refuses to approve the petition and dismisses the proceedings, the same shall not be admissible in evidence without the consent of the debtor in any proceeding * * * in any federal or state court." There is further provision that if the goal of all the legislation and proceedings under section 77B, i. e., the reorganization, is not attained, then (save in the cases where no finding of insolvency has been made) the judge "may direct the estate to be liquidated." The case where insolvency has not been found is left open for ordinary bankruptcy proceedings ab initio. Corresponding provisions of section 75 (s) (11 USCA § 203 (s) relating to farmers are that "any farmer failing to obtain the acceptance of a majority in number and amount of all creditors etc., may amend his petition or answer asking to be adjudged a bankrupt."

In the light of the manifest differences between the two orders, we conclude that the order appealed from in this case is not so completely identified with "a judgment refusing to adjudicate a bankrupt" as to be appealable of right under the provisions of section 25a of the Bankruptcy Act.

(2) We are equally clear that the appeal does not "lie as a controversy under section 24a of the Bankruptcy Act." By express provisions of section 77B, as we have pointed out, the judge sitting in bankruptcy is required to determine summarily the issues raised upon creditors' petitions filed under the section, and the fact that the issues are to be summarily determined in the bankruptcy court excludes the idea of a "controversy arising in bankruptcy proceedings" covered by said section 24a. Taylor v. Voss, 271 U. S. 176, 46 S. Ct. 461, 70 L. Ed. 889; Clark v. Huckaby (C. C. A. 8) 28 F.(2d) 154, 67 A. L. R. 1456; Quinn v. Gardner (C. C. A. 8) 28 F.(2d) 270; Chicago Bank of Commerce v. Carter (C. C. A. 8) 61 F.(2d) 986; Humber v. Bankers' Trust Co. (C. C. A.) 70 F.(2d) 265. It was settled by the Supreme Court in Swift & Co. v. Hoover, 242 U. S. 107, 37 S. Ct. 56, 61 L. Ed. 175, that even the proceedings in bankruptcy which result in a judgment refusing to adjudicate the defendant a bankrupt are not "controversies" within the meaning of the statute. Taylor v. Voss, supra; Vallely v. Northern Fire & Marine Ins. Co., 250 U. S. 348, 41 S. Ct. 116, 65 L. Ed. 297.

(3) We think that the proceedings now sought to be reviewed were "simply steps taken in a bankruptcy proceeding." The orders refusing to approve the petitions and dismissing the proceedings were not a final decision of a case in the District Court appealable under 28 USCA § 225; nor was there a controversy arising in bankruptcy proceedings [section 24a, 11 USCA § 47 (a)]; nor a judgment refusing to adjudicate a bankrupt. Section 25a, 11 USCA § 48 (a).

But we do not agree with the contention made in support of the motion to dismiss the appeal herein that the order was not appealable within any of the statutory provisions. The proceedings in which the order was made were in the bankruptcy court and within the summary jurisdiction thereof. They were such proceedings as were contemplated by the provisions of paragraph (k) to the effect that "proceedings in bankruptcy" shall be deemed to include "proceedings under this section." That is to say, they were the several ordi-

nary steps which section 77B contemplates and prescribes to be taken in the courts of bankruptcy exercising original jurisdiction in proceedings for the relief of debtors. Upon analysis, they are observed to be of the nature of "proceedings in bankruptcy," and that is true, notwithstanding the element of inconclusiveness inhering in the proceedings for the relief of debtors, contrasting with the absolute liquidation of bankruptcy, which has been mentioned. No cases have been called to our attention in which the particular question raised by this motion has been discussed or passed upon directly by any of the Courts of Appeals. In the case of Bryan v. Welch, 74 F.(2d) 964, 965, however, the Court of Appeals in the Tenth Circuit entertained a petition filed in that court praying an appeal from orders made by the District Court which sustained petitions and joining petitions under section 77B and appointed a trustee. That Court of Appeals, on full consideration, exercised its discretion in allowing the appeal prayed for. We are persuaded that the power of this court to review the order is that prescribed by section 24b, as amended by Act May 27, 1926; 11 USCA § 47 (b); and that "such power shall be exercised by appeal * * * to be allowed in the discretion of the appellate court."

This court not having allowed appeal, the motion to dismiss is sustained.