**CAPITAL ENDOWMENT CO. v. KROEGER, Superintendent of Building & Loan Ass'ns of Ohio.**

**KROEGER, Superintendent of Building & Loan Ass'ns of Ohio, v. CAPITAL ENDOWMENT CO. (two cases).**

Nos. 7301–7303.

Circuit Court of Appeals, Sixth Circuit.

Dec. 16, 1936.

George W. Ritter, of Toledo, Ohio, and William L. West, of Cleveland, Ohio (Richard Inglis and Bulkley, Hauxhurst, Inglis & Sharp, all of Cleveland, Ohio, and Milton McCreery, of Toledo, Ohio, on the brief), for Capital Endowment Co.

Morris Berick and Charles Belsan, both of Cleveland, Ohio (John W. Bricker, of Columbus, Ohio, Charles H. Jones, of Jackson, Ohio, Morris Berick and Rees H. Davis, both of Cleveland, Ohio, and George P. Smith, of Toledo, Ohio, on the brief), for Wm. H. Kroeger.

Before HICKS and SIMONS, Circuit Judges, and RAYMOND, District Judge.

SIMONS, Circuit Judge.

The three appeals seek review of an order of the Bankruptcy Court in a debtor proceeding for reorganization of an Ohio corporation under the provisions of section 77B of the Bankruptcy Act, as amended 11 U.S.C.A. § 207. The debtor is the Capital Endowment Company, its adversary is the Superintendant of Building & Loan Associations of the State of Ohio, and the controversy has a somewhat involved history.

The debtor was incorporated in 1922 under the general provisions of the Ohio corporation statute. Two years later it took steps to qualify under the Bond Investment Act (sections 697, 709, Ohio General Code), and received a certificate authorizing it to engage in business as a bond investment company. As such it was subject to the supervision of the Deputy Inspector of Building & Loan Associations (section 696, O.G.C.). Following the repeal of that statute no one was authorized to supervise bond investment companies until 1933, when the Superintendent of Insurance was made supervisor by virtue of his office (section 696, O.G.C.). The debtor, however, claims that prior to that it had ceased doing business as a bond investment company, that it was never an insurance company, nor in any other character subject to supervision by the Superintendent of Insurance. So much of the activities of the debtor it is necessary to know in order to follow the steps of the controversy. The Superintendent is empowered by the so-called "Eikenberry Act" of February 23, 1933 (sections 687 to 687-23, O.G.C.) to take over and liquidate, domestic building and loan associations found to be unsound or conducted contrary to law or the best interests of depositors, shareholders, and creditors. In 1933 the then Superintendent prepared to take over two of such associations, namely the Columbia Savings Association of Toledo, and the Depositors Savings & Loan Company of Cleveland. Before he could take the effective steps required by the statute, the Toledo company in June, 1933, and the Cleveland Company in September, 1933, sold all of their assets to the debtor by similar contracts. The Superintendent immediately attacked each sale in the courts, seeking to have the transfers declared null and void. He was successful, the common pleas court of Lucas county declaring the

transfer from the Toledo Association to the debtor null and void on August 7, 1933, and the Cuyahoga county common pleas court setting aside the transfer from the Cleveland association on January 15, 1934. Both decrees were, however, appealed.

Meanwhile an action in quo warranto was being pressed against the debtor in the Ohio Supreme Court to oust it from its corporate franchises, based upon the very contracts involved in the local litigation, and in June, 1935, the debtor was ousted from its corporate franchises. State ex rel. v. Capital Endowment Co., 129 Ohio St. 654, 196 N.E. 643. An appeal to the Supreme Court of the United States was dismissed 296 U.S. 546, 56 S.Ct. 174, 80 L.Ed. 387. Following the announcement of decision in the quo warranto proceedings, the debtor filed its petition for reorganization in the Bankruptcy Court.

After the usual preliminary finding of good faith by the District Court, the debtor was continued in the possession of its estate, authorized to operate its business until further orders, and all creditors, shareholders, public officers, and others, were enjoined from taking possession of or interfering with it in the possession of its property, and from instituting or prosecuting against it any actions at law or suits in equity, and all matters arising in the proceedings were referred for consideration, report and recommendation, to a special master. Thereupon the Superintendent then in office filed a petition with the master in the reorganization proceedings which, reciting the steps that had been taken to effect liquidation of the two building and loan associations under the laws of Ohio, and the pending appeals from decrees setting aside the sale of their assets to the debtor, prayed that the restraining order be set aside as to him or to his successors, that they be permitted to take possession of the assets of the two building and loan associations, pursue to final decree such judicial proceedings as were required to effect possession in the Ohio courts, and, finally, that the entire debtor proceedings be dismissed on the ground that the debtor was not amenable to the provisions of section 77B of the Bankruptcy Act for the reasons that: It was subject to the supervision and control of the State Superintendent of Insurance, its proceeding was an attempt to use the Bankruptcy Act for the purpose of private-

ly liquidating the building and loan associations in contravention of the laws of Ohio, it had been ousted from its corporate franchises in the quo warranto proceedings, and its petition for reorganization had not been filed in good faith. Upon hearing the prayer of the petition was granted in so far as it sought vacation of the restraining order, it was denied in so far as it sought dismissal of the proceedings. Exceptions taken by both parties to the order of the master were overruled, and the order was in all respects approved by the District Judge.

The three appeals followed. 7301 is an appeal by the debtor from that portion of the order which vacates the restraining order. It was allowed by the District Judge, but not by this court. 7302 is in form a cross-appeal by the Superintendent from that part of the order which overruled his petition to dismiss the proceedings. It likewise was allowed by the District Judge, but not by us. 7303 is an independent appeal by the Superintendent from that part of the order which overrules his petition to dismiss. It was upon timely application here allowed.

The first question encountered relates to our jurisdiction over the debtor's appeal in 7301, and is raised by motion to dismiss. The Superintendent's application to the District Court to set aside the restraining order does not present "a controversy arising in bankruptcy," as distinguished from a "proceeding" in bankruptcy. It relates only to the due administration of the pending proceeding, and so is appealable only upon allowance by this court under the provisions of section 24b of the Bankruptcy Act, as amended 11 U. S.C.A. § 47(b) Meyer v. Kenmore Hotel Co., 297 U.S. 160, 165, 56 S.Ct. 405, 407, 80 L.Ed. 557. The contention that the petition raises an issue of title to property which has come within the jurisdiction of the Bankruptcy Court, is based upon a misapprehension. The Superintendent by his petition did not subject himself to the jurisdiction of the Bankruptcy Court for the purpose of having his right to assets of the debtor adjudicated. Quite the contrary. He asked to be permitted to pursue his remedy in the state courts without hindrance by the Bankruptcy Court. The instant case is not to be distinguished from Meyer v. Kenmore Hotel Co., supra, in this respect, and is the converse of that in Credit Alliance Corporation v. Atlantic,

P. & G. R. Company, 77 F.(2d) 595, 597 (C.C.A.8). Upon the same authority, but of our own motion, we must dismiss the cross-appeal in 7102. An order approving a petition in a reorganization proceeding is not the equivalent of an order of adjudication appealable as of right. Even if it were, an order refusing to set aside an adjudication of bankruptcy is not within section 25a, clause 1, as amended, 11 U.S.C.A. § 48(a)(1) and is appealable only by leave of the appellate court under section 24b. Meyer v. Kenmore Hotel Co., supra; Vallely v. Northern F. & M. Insurance Co., 254 U.S. 348, 41 S.Ct. 116, 65 L.Ed. 297. The appeal in 7303 having been properly allowed, will be considered.

We have already stated the grounds upon which the Superintendent's petition for dismissal of the reorganization proceedings were based. The master concluded, and it appears to be conceded, that an insurance company is not amenable to bankruptcy under section 4 of the Bankruptcy Act as amended, 11 U.S.C.A. § 22(1), and that corporations not amenable under section 4 are not amenable to the provisions of section 77B, 11 U.S.C.A. § 207. In re Peoria Life Insurance Co., 75 F.(2d) 777 (C.C.A.7); Union Guarantee & Morgage Co. v. Van Schaick, Superintendent, 75 F.(2d) 984, 985 (C.C.A.2). But the present debtor is not an insurance corporation. It was organized under the general incorporation law of Ohio, and while it later qualified as a bond investment company, it is not denied that it abandoned this field prior to the filing of its petition. The mere fact that bond investment companies were placed under the supervision of the Superintendent of Insurance could neither enlarge their powers nor alter their business. In re Prudence Company, 79 F.(2d) 77 (C.C.A.2). Nor is the debtor a building and loan association. The only basis for this contention by the Superintendent is that the debtor by its contracts acquired the assets of two of such associations. The Bankruptcy Court, however, upon the Superintendent's petition, yielded jurisdiction over such assets to the state courts, and

the Ohio Supreme Court has decided that dissolution proceedings undertaken by the Depositors Savings & Loan Company were ineffective. Myers, Secretary, v. State et al., 130 Ohio St. 62, 196 N.E. 779. The debtor having been deprived of the building and loan assets by order of the District Court, no effective appeal having been taken, and the time for appeal having expired, the grounds for asserting that the debtor is a building and loan association, if ever tenable, no longer appear.

The order of ouster entered against the debtor in the quo warranto proceedings by the Ohio Supreme Court cannot defeat the jurisdiction of the Bankruptcy Court over the assets of the corporation. Austin v. Thomas, 78 F.(2d) 602 (C.C.A.6); Hammond v. Lyon Realty Co., 59 F.(2d) 592 (C.C.A.4). The debtor has substantial assets other than those represented by the assets of the two building and loan associations. Based upon these, it may still be able to present a feasible plan of reorganization to the Bankruptcy Court. The fact that the debtor has been ousted from its corporate franchises in Ohio neither destroys its property nor its title thereto. We cannot assume that any plan of reorganization approved in the Bankruptcy Court will fail to contemplate restoration of the debtor's corporate rights if that is possible, or failing, the organization of a new corporation to administer its assets for the benefit of creditors and shareholders. The organization of a successor corporation is not without the purview of reorganization plans under section 77B. The challenge to the good faith of the petition in the Bankruptcy Court is unavailing. Not only has the preliminary finding of good faith been made by the master and concurred in by the judge, but clearly the Superintendent permitted to pursue the assets of the building and loan associations, unfettered by injunction, is now a complete stranger to the reorganization proceeding.

The appeals in 7301 and 7302 are dismissed. In 7303, the order below is affirmed.