## HARRISON SECURITIES CO. v. SPINKS REALTY CO. et al.

### No. 8584.

Circuit Court of Appeals, Ninth Circuit.

Nov. 15, 1937.

George A. Glover, of Los Angeles, Cal., for appellant.

Donald Barker and Harry A. Keithly, both of Los Angeles, Cal., for appellee Spinks Realty Co.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

WILBUR, Circuit Judge.

The petition for the allowance of the appeal herein was granted by the District Judge. The appellee moves to dismiss the appeal because it was not allowed by this court, as required by Bankruptcy Act, § 24b, as amended, U.S.C.A. § 48(b), for an appeal from a proceeding in bankruptcy. The appellant claims that the appeal is from a controversy in bankruptcy, and hence properly allowed by the District Judge. The order appealed from is dated April 10, 1937, and dissolves an injunction issued in a bankruptcy proceeding begun under section 77B of the Bankruptcy Act, as amended, 11 U.S.C.A. § 207. The injunction which was dissolved enjoined the Spinks Realty Company from enforcing a judgment of the state court in an unlawful detainer action affecting the principle asset of the bankrupt. The injunction granted was one for the protection of the jurisdiction of the bankruptcy court as against the action of the state court. It was clearly a proceeding in bankruptcy designed to prevent outside interference with the assets of the bankrupt. It did not decide those rights either by the order of injunction or by the order dissolving it. The only controversy involved was as to the right of possession of the real estate involved. That controversy was settled in the state court by the judgment in the unlawful detainer action rendered before the bankruptcy proceedings were instituted, but the institution of the proceedings in bankruptcy gave the bankruptcy court supervisory jurisdiction over the process of the state court in furtherance of the settlement of the bankrupt estate.

The issuance of such an injunction and its revocation were orders made in a proceeding and not a controversy in bankruptcy. The decided cases we cite below so hold either directly or by necessary implication. Meyer v. Kenmore Granville Hotel Co., 297 U.S. 160, 56 S.Ct. 405, 80 L.Ed. 557; Capital Endowment Co. v. Kroeger (C.C.A.) 86 F.(2d) 976; Holmes v. Davidson (C.C.A.9) 84 F.(2d) 111; Credit Alliance Corp. v. Atlantic, Pacific & Gulf Ref. Co. (C.C.A.8) 77 F.(2d) 595; In re Torgovnick (C.C.A.2) 49 F.(2d) 211; Continental Ill. N. B. & T. Co. v. Chicago, R. I. & P. R. Co., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110.

Appeal dismissed.