In re WESTERN WOMEN'S CLUB et al.

BANK OF AMERICA NAT. TRUST & SAVINGS ASS'N et al. v. WESTERN WOMEN'S CLUB et al.

No. 8699.

Circuit Court of Appeals, Ninth Circuit.

Nov. 20, 1937.

Louis Ferrari and George D. Schilling, both of San Francisco, Cal., for petitioner.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is a petition by the Bank of America National Trust & Savings Association, a secured creditor of the debtor, Western Women's Club, a California corporation, for an allowance of an appeal by this court from an order of the District Court entered in reorganization proceedings commenced by the debtor under section 77B of the Bankruptcy Act, as amended (11 U. S.C.A. § 207). Leave to appeal was sought under section 24b, as amended, 11 U.S.C. A. § 47(b).

The petition, together with the accompanying assignment of errors and brief, sets forth that the bank holds a first mortgage upon the property of the debtor to secure a principal obligation of $778,531.29. At the time of the debtor's filing its petition under section 77B the obligation was in default and accrued interest had brought the total obligation to $987,346.47. The value of debtor's property is materially less than the amount owing to the bank under its first mortgage.

On April 10, 1937, the debtor filed its petition for reorganization under section 77B. The petition was approved as properly filed and all proceedings against the debtor were stayed. Subsequently the re-

straining order was modified to permit the bank to file in the state court a complaint to foreclose its mortgage and issue summons. The purpose of this permission was to prevent the running of the statute of limitations upon foreclosure, and, after the complaint was filed and summons issued in the state court, the restrictions under section 77B closed down again against the bank.

Subsequently the bank intervened in the 77B proceedings by a petition for an order directing the debtor to surrender to the bank all the income derived from the mortgaged property since default in the obligation, amounting to over $16,000. This right to the proceeds after default is claimed by the creditor to be a substantial property right to which it is entitled under the law of California.

On October 23, 1937, the District Court denied the bank's petition. It is from this order that leave to appeal is sought from this court.

The first question for our consideration is whether the issue thus presented is one upon which an appeal is to be allowed or disallowed in the discretion of this court, or whether the matter is appealable as of right by an allowance by the District Court. This question depends upon whether the issue concerns a "controversy" or a "proceeding" in bankruptcy.

Section 24 of the act (as amended) sets forth the alternative methods of review:

"(a) * * * the circuit courts of appeal of the United States * * * are invested with appellate jurisdiction of controversies arising in bankruptcy proceedings from the courts of bankruptcy from which they have appellate jurisdiction in other cases.

"(b) The several circuit courts of appeal * * * shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law * * * the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised by appeal and in the form and manner of an appeal, except in the cases mentioned in said section 48 of this title to be allowed in the discretion of the appellate court." 11 U.S.C.A. § 47.

The exceptions mentioned in the last quoted subsection, allowing an appeal as of right, include (1) a judgment adjudging or refusing to adjudge a defendant a bankrupt; (2) granting or denying a discharge; and (3) allowing or rejecting a claim of $500 or over. Section 25a, as amended, 11 U.S.C.A § 48(a).

Thus, under section 24 (which is applicable to reorganization proceedings under section 77B, Meyer v. Kenmore Granville Hotel Co., 297 U.S. 160, 163, 56 S.Ct. 405, 406, 80 L.Ed. 557), the question whether the petition for appeal in the instant case is properly addressed to this court depends upon whether or not the order denying the bank's alleged right to the income since default was an order entered in the course of "proceedings" in bankruptcy.

That the issue involves a "proceeding" and not a "controversy" clearly appears from the authorities. The distinction was stated in Taylor v. Voss, 271 U.S. 176, 180, 46 S.Ct. 461, 463, 70 L.Ed. 889:

"It is now settled by the decisions of this Court, that the 'controversies arising in bankruptcy proceedings' referred to in section 24(a), include those matters arising in the course of a bankruptcy proceeding, which are not mere steps in the ordinary administration of the bankrupt estate, but present, by intervention or otherwise, distinct and separable issues between the trustee and adverse claimants concerning the right and title to the bankrupt's estate. Hewit v. Berlin Machine Works, 194 U.S. 296, 300, 24 S.Ct. 690, 48 L.Ed. 986; Coder v. Arts, 213 U.S. 223, 234, 29 S.Ct. 436, 53 L.Ed. 772, 16 Ann.Cas. 1008; Tefft & Co. v. Munsuri, 222 U.S. 114, 118, 32 S. Ct. 67, 56 L.Ed. 118; Swift & Co. v. Hoover, 242 U.S. 107, 109, 37 S.Ct. 56, 61 L.Ed. 175. In such 'controversies' the decrees of the court of bankruptcy may be reviewed by appeals which bring up the whole matter and open both the facts and the law for consideration. * * *

"On the other hand, the 'proceedings' in bankruptcy referred to in section 24b are those matters of an administrative character, including questions between the bankrupt and his creditors, which are presented in the ordinary course of the administration of the bankrupt's estate. Matter of Loving, 224 U.S. 183, 188, 32 S.Ct. 446, 56 L.Ed. 725. In such administrative matters—as to which the courts of bankruptcy proceed in a summary way in the final settlement and distribution of the estate, * * * their orders and decrees may be reviewed by petitions for revision which bring up questions of law only."

It was held in Taylor v. Voss, supra, that an issue as to the proper disposition of funds of a bankrupt estate between the trustee in bankruptcy on the one hand and a testamentary trustee of the bankrupt who had died following adjudication on the other, presented a controversy, not a proceeding.

In Harrison v. Chamberlin, 271 U.S. 191, 193, 46 S.Ct. 467, 468, 70 L.Ed. 897, it was held that an issue between a trustee in bankruptcy and an adverse claimant who held property which the trustee contended was part of the estate was a controversy, not a proceeding.

It is clear from these authorities that a controversy appealable as of right under section 24a, as amended, must involve an issue between the bankrupt estate and its creditors on the one hand and an outstanding adverse claim on the other. Such an issue is not presented by a dispute between a bankrupt (or debtor under section 77B) and one of its creditors as to the proper interim disposition of income which is unquestionably a portion of the bankrupt estate.

In Meyer v. Kenmore Granville Hotel Co., 297 U.S. 160, 164, 56 S.Ct. 405, 407, 80 L.Ed. 557, it was held that an order denying a secured creditor's petition to dismiss reorganization proceedings by reason of alleged fraudulent collusion between the debtor and other creditors did not present a controversy under section 24a, appealable as of right.

In Shulman v. Wilson-Sheridan Hotel Co., 301 U.S. 172, 174, 57 S.Ct. 680, 681, 81 L.Ed. 986, it was held that the denial by a court of bankruptcy of a claim for legal services previously allowed by a state court did not present a controversy appealable as of right, and that, inasmuch as no leave to appeal under section 24b had been asked, the Circuit Court of Appeals had no jurisdiction to review the denial.

We pointed out in Harrison Securities Co. v. Spinks Realty Co., 92 F.2d 904, decided November 15, 1937, that an order granting an injunction against enforcing an unlawful detainer judgment obtained in the state court, or an order dissolving such an injunction, was "clearly a proceeding in bankruptcy designed to prevent outside interference with the assets of the bankrupt." Regardless of the substantive rights of secured creditors, including the right to

possession of assets, the right of the bankruptcy court to possession and administration of these assets pending reorganization is exclusive.

Under these authorities it is clear that a claim by a secured creditor for possession of property or income of the debtor by reason of asserted rights under the instrument of security or the state law, which claim seeks to invade the supervising jurisdiction of the bankruptcy court over all the assets, presents questions arising in "proceedings in bankruptcy" and does not involve "controversies." We conclude, therefore, that the petitioner in this case properly seeks leave from this court to appeal, under section 24b, as amended.

The petition presents a question of law of sufficient merit to warrant the court allowing the appeal. Petitioner cites the case of Re Hotel St. James Co. (C.C.A.9) 65 F.2d 82, which appears to hold that under the law of California a mortgagee entitled to possession on default is entitled to the rents and profits of the mortgaged premises after he has demanded and been refused possession. Assuming this to be the general rule, the problem of its relationship to 77B proceedings presents questions meriting review by this court. The appeal, therefore, is allowed.